**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JASON MORGAN**                                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO.** 3:25-CV-170-DMB-RP

**DESOTO COUNTY, MISSISSIPPI;
DESOTO COUNTY BOARD OF
SUPERVISORS; and DESOTO COUNTY
CONVENTION AND VISITORS BUREAU**                      **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover damages for violations of federal discrimination law. The following facts support this action:

1.      Plaintiff JASON MORGAN is an adult white male resident of Hernando, Mississippi.

2.      Defendant DESOTO COUNTY, MISSISSIPPI ("County") is a political subdivision of the State of Mississippi. Defendant County may be served with process through its Chancery Clerk, Misty Heffner, at 2535 Highway 51 S, Hernando, MS 38632. At all relevant times, Defendant County acted through the policies of its Board of Supervisors, the official policymaker for Defendant County.

3.      Defendant DESOTO COUNTY BOARD OF SUPERVISORS ("Board") is an elected body of Defendant County, which is responsible for, among other things, adopting an annual county budget, appointing members to the Desoto County Convention and Visitors Bureau, and enacting policies to direct the county's general welfare. Defendant Board may be served through the president of the Board, Mark Gardner, at 365 Losher St., Suite 300, Hernando, MS 38632.

4.      Defendant DESOTO COUNTY CONVENTION AND VISITORS BUREAU

("CVB") is a board created by Mississippi Senate Bill 3173. Defendant CVB consists of seven (7) members. Five (5) members are appointed by Defendant Board and two (2) members are also members of the Desoto County Economic Development Council. Defendant CVB may be served through its president, Amelia Lovorn, at 4560 Venture Dr., Southaven, MS 38671. Defendant CVB has been delegated with policy making responsibilities for DeSoto County concerning tourism.

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343. This action is based upon 42 U.S.C. § 1981, and authorized by 42 U.S.C. § 1983.

6. In May 2021, Plaintiff was hired by Defendant CVB as the Director of Finance.

7. As Director of Finance, Plaintiff reported directly to Todd Mastry, the Executive Director of the CVB.

8. The CVB is a separate body politic created by the Mississippi State Legislature. The CVB operates through a Board of Directors. The CVB contracted with the Board of Aldermen for the City of Southaven, Mississippi and Defendant County to jointly promote sporting and entertainment events, as well as other tourism attractions with Desoto County, Mississippi, and the City of Southaven, Mississippi.

9. The Landers Center and the BankPlus Amphitheater are event centers and arenas located in Southaven, Mississippi. Both are run by the CVB, with performances being booked by the Executive Director for the CVB.

10. At all relevant times, Todd Mastry was employed by the CVB as Executive Director, primarily responsible for recruiting and booking performers for the Landers Center and BankPlus Amphitheater.

11. During Plaintiff's tenure with the CVB, the Landers Center experienced financial

success. Plaintiff was tasked with communicating with independent auditors to ensure regulatory and organizational compliance.

12.     At no point during his employment did Plaintiff receive any negative reviews or comments regarding his performance. Moreover, no complaints were made about the fiscal health of the CVB.

13.     Since at least 2014, members of DeSoto County Board of Supervisors have expressed displeasure with black artists performing at the Landers Center. In 2015, Supervisor Mark Gardner expressed displeasure to Charles Tackett, the CVB Board Chair at that time, regarding a performance by the black rapper known as "Lil Wayne." Supervisor Gardner expressed that he was concerned about "those people" coming from Memphis to shows and concerts performed by black artists. Supervisor Gardner's comments referred to black persons coming to attend performances by black artists.

14.     On May 20, 2024, former supervisor Michael Lee was appointed to the CVB board. On his first day as a member the CVB board, Lee came to Plaintiff and said the CVB needed to "get a handle" on the number of black acts the CVB was booking to perform. Plaintiff did not directly book shows for the Landers Center, but was involved in the budgeting and finance modeling for shows, stated that the CVB could not discriminate based on race. Plaintiff expressed his support for the artists that Mastry was bringing to perform.

15.     Plaintiff's comments were construed by Lee as support for Mastry in booking acts by black performers, since those job duties primarily resided with Mastry's position.

16.     At a Board of Supervisors meeting in August 2024, Supervisors Gardner and Supervisor Lee Caldwell berated Mastry about the content of shows at the Landers Center stating they did not want shows involving "those people." This comment could not be construed to refer to anything other than "black people."

17. At a Board of Supervisors meeting on August 19, 2024, Michael Lee, who had recently been appointed as a member of the CVB, exclaimed that "we don't need those people coming down here coming to these shows." Lee added that the CVB "should be simply shut down and we get rid of everyone," referring to employees of the CVB.

18. Newly appointed CVB Board member, Amy Lovorn, stated that the CVB would be making changes.

19. From May 20, 2024 through October 7, 2024, the DeSoto County Board of Supervisors replaced five (5) of the CVB Board members. This change resulted in a shift of the opinions on the board to reflect the views of Supervisor Gardner and Supervisor Caldwell to discriminate against black performances in DeSoto County, specifically by removing Mastry, who was booking black performers, and anyone who supported Mastry in booking black performances, including Plaintiff.

20. With this new majority, Plaintiff was terminated from his employment on January 6, 2025, during a special executive session called by Defendant CVB. At this same meeting, Executive Director Mastry was also fired. Plaintiff received a text message informing him that he was fired, but was given no other notice or reason for his termination.

21. Plaintiff's termination was in retaliation for his support of Mastry and support of booking black artists to perform at the Landers Center and other venues.

22. As a result of Defendants' actions, Plaintiff has suffered lost income and benefits, as well as significant emotional and mental anxiety. Plaintiff has also suffered severe reputational harm.

23. Defendants are thus liable to Plaintiff for the following:

    a. **Count 1**: Discrimination Based on Opposition: Defendants discriminated against Plaintiff because he opposed discrimination against black performers in violation of 42 U.S.C. § 1981.

b. **Count 2**: Discrimination Based on Racial Association: Defendants removed Plaintiff from his position as Director of Finance based on his association and support of black performers in violation of 42 U.S.C. § 1981.

c. **Count 3**: Plaintiff was terminated as a result of his association and support of Todd Mastry, whom the Defendants associated with supporting black artists.

24. Plaintiff requests reinstatement, actual, liquidated, and punitive damages against Defendants in an amount to be determined by a jury, as well as reasonable attorneys' fees and costs. Plaintiff requests any and all other relief available under law.

Respectfully submitted on June 9, 2025.

Jason Morgan, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
Rachel Pierce Waide, MS Bar No. 100420
Yance Falkner, MS Bar No. 106107
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS  38804-3955
Post Office Box 1357
Tupelo, MS  38802-1357
Telephone:  (662) 842-7324
Facsimile:  (662) 842-8056
Email: waide@waidelaw.com
        jdw@waidelaw.com
        rpierce@waidelaw.com
        yfalkner@waidelaw.com

ATTORNEYS FOR PLAINTIFF

## AFFIDAVIT

I, Jason Morgan, declare under the penalty of perjury that the above and foregoing facts are true and correct as stated therein.

EXECUTED on this the ___9th___ day of __June__, 2025.

_____
Jason Morgan