UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JASON MORGAN                                                        PLAINTIFF

v.                                           Civil Action No. 3:25CV170-GHD-RP

DESOTO COUNTY, MISSISSIPPI; et al.                              DEFENDANTS

---

## OPINION

---

Presently before the Court is the Defendants Desoto County and Desoto County Board of Supervisors' motion to dismiss [22] and the Defendant Desoto County Convention and Visitors Bureau ("CVB")'s motion to dismiss [14] the Plaintiff's claims in this employment discrimination matter. Upon due consideration and for the reasons set forth below, the Court finds the Defendants Desoto County and Desoto County Board of Supervisors' motion should be granted and the claims against those Defendants dismissed. The Court further finds the Defendant CVB's motion should be granted in part and denied in part. That motion shall be granted as to the Plaintiff's claims for associational discrimination, and those claims shall be dismissed; the motion shall be denied as to the Plaintiff's claim for retaliation against CVB, and that claim shall proceed.

### I.      Background

The Plaintiff, a white male, was employed by the Defendant CVB in May of 2021 as its Director of Finance [1, at p. 2]. As the organization's finance director, he reported

to the CVB's then-Executive Director, Todd Mastry, who is likewise a white male [*Id.*].[1] The CVB manages two event venues in Desoto County, the Landers Center and the BankPlus Amphitheater [*Id.*]. The Plaintiff did not directly book performances at the venues but was involved in the budgeting and finance aspects of the performances; instead, Mastry, as the Executive Director, was responsible for booking performances and shows at the venues [1, at pp. 2-3].

The Plaintiff alleges that, in May of 2024, one member of the seven-member CVB approached him and said the CVB needed to "get a handle" on the number of black acts being booked at the Landers Center [1, at p. 3]. The Plaintiff alleges he told the CVB member that the CVB could not discriminate based on race [*Id.*]. The Plaintiff further alleges that, at an August 2024, Board of Supervisors meeting, that same CVB member said "we don't need those people coming down here coming to these shows." [1, at p. 4]. That same CVB member also allegedly said, during the same Board of Supervisors meeting, the CVB "should simply be shut down and we get rid of everyone." [*Id.*] The Plaintiff's employment with the CVB was then terminated on January 6, 2025 [*Id.*]. This litigation followed.

The Plaintiff alleges retaliation and racial association discrimination under 42 U.S.C. § 1981. The Defendants have now separately moved to dismiss the Plaintiff's

---

[1] The CVB is a separate body created by the state legislature. *See* 1996 State Session Laws 129, Chapter 1001 (Senate Bill 3173). It operates through a seven-member Board of Directors who are appointed by the County Board of Supervisors. *Id.* The CVB has "jurisdiction and authority over all matters relating to establishing, promoting[,] and developing convention business, tourism[,] and related matters within Desoto County." *Id.* at § 4. The CVB contracted with Desoto County and the City of Southaven's Board of Aldermen to jointly promote sporting and entertainment events and tourist attractions at the two subject venues. [1, at p. 2].

claims. The Plaintiff has responded in opposition and the motions are ripe for the court's ruling.

## II.    Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'"

*Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570).

### III.    Analysis

The Plaintiff asserts the Defendants retaliated against him for opposing discrimination against black performers and discriminated against him because he associated with and supported black performers and the CVB's then-Executive Director, Todd Mastry. 42 U.S.C. § 1981 encompasses "complaints of retaliation against a person who has complained about a violation of another person's contract-related right;" claims of retaliation under Section 1981 are analyzed using the same framework as are retaliation claims brought under Title VII. *Scott v. U.S. Bank Nat'l Assoc.*, 16 F.4th 1204, 1209 (5th Cir. 2021); 42 U.S.C. § 1981. As for the Plaintiff's claims for associational discrimination, Section 1981 "allows a terminated employee to recover where his firing was in retaliation for his speech acts in support of the rights of minorities," again, using the familiar Title VII framework for such cases. *Swanson v. City of Bruce, Miss.*, 105 F. App'x 540, 543 (5th Cir. 2004). The Court considers the Plaintiff's claims in turn.

*Claims Against Desoto County and Board of Supervisors*

Desoto County and the Desoto County Board of Supervisors argue the Plaintiff fails to adequately plead allegations that will allow the court to draw the reasonable inference these Defendants are liable for the alleged misconduct. The Court agrees.

The Plaintiff asserts his claims under 42 U.S.C. § 1981 [1]. The Supreme Court has made clear "[a]ny claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship' . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

Here, the Plaintiff asserts that his own employment is the "contractual relationship" that forms the basis of his claims.  While at-will employment can form the basis of a valid claim under Section 1981, the Plaintiff does not assert that either Desoto County or the Board of Supervisors employed him.  Indeed, it is undisputed that neither Desoto County nor the Desoto County Board of Supervisors were the Plaintiff's employer; instead, it is undisputed the Defendant CVB, a legally separate entity, was the Plaintiff's employer. Furthermore, the Plaintiff alleges his injury is that he was "terminated from his employment [with CVB] on January 6, 2025, during a special executive session *called by Defendant CVB*."  [1, at p. 4, emphasis added].  The Plaintiff has not alleged he had any other contractual relationship with either Desoto County or the Desoto County Board of Supervisors.  The Court therefore finds the Plaintiff's complaint fails to state a plausible Section 1981 claim against either of these two Defendants.[2]  The Plaintiff's claims against these two Defendants shall therefore be dismissed.

*Associational Discrimination*

The Plaintiff asserts two associational discrimination claims against the Defendant CVB: one for discriminating against him because he associated with and supported black performers who performed at the CVB's venues; the other for discriminating against him

---

[2]    To the extent the Plaintiff is attempting to assert a Section 1981 "third-party interference" claim against either Desoto County or the Board of Supervisors, the Fifth Circuit has not recognized such a claim other than when the "third party" and the employer are "essentially one and the same." *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931–33 (5th Cir. 2021).  Here, as noted above, the Defendant CVB is by law an entirely separate and distinct entity from Desoto County and the Board of Supervisors.  *See* 1996 State Session Laws 129, Chapter 1001 (Senate Bill 3173). Therefore, the Plaintiff cannot state a Section 1981 third-party interference claim against either of these two Defendants.

5

because he associated with and supported the CVB's then-Executive Director, Todd Mastry.

While associational discrimination claims are potentially cognizable causes of action under Section 1981, the CVB argues the Plaintiff's asserted association with any performers, and certainly with Mastry (a white male), is too attenuated for him to state a viable associational discrimination claim. The Court agrees.

As noted above, Section 1981 does permit associational discrimination claims under some circumstances. *Blanks v. Lockheed Martin*, 568 F. Supp. 2d 740, 745 (S.D. Miss. 2007). The circumstances where such claims have been found viable in the Fifth Circuit, however, are limited to those not present here - spousal, romantic, or familial ties with members of a protected class. *Blanks*, 568 F. Supp. 2d at 745-46.

The Court finds that a much more significant relationship with a member of a protected class is required than is present in the case *sub judice*. The Plaintiff does not allege the Defendant CVB discriminated against him based on his own race, nor does he plausibly allege any black performers were discriminated against – he does not claim any contracts or performances at the CVB's venues were cancelled or that the venues ceased contracting with black performers based upon their race. Ultimately, the Court finds the Plaintiff's relationship with the performers, to the extent he had any relationship whatsoever with them, was not sufficiently close to permit a claim for associational discrimination to be plausibly pled under Section 1981.

As for the Plaintiff's claim that his association with Todd Mastry, the former Executive Director of the CVB, resulted in the Plaintiff's termination, that claim falls even further from the mark of viability under Section 1981. Both Mastry and the Plaintiff are

white males.  The Plaintiff, as noted above, does not claim he was discriminated against due to his own race, and has not alleged the CVB discriminated against Mastry based on his race.  Instead, the Plaintiff's theory seems to be that because Mastry allegedly associated with the black performers, and the Plaintiff supported Mastry, the Plaintiff was discriminated against in a manner outlawed by Section 1981.  The Court finds this claim is even more implausible and beyond the bounds of Section 1981 than the Plaintiff's claim that he himself was discriminated against because of his association with the performers.  No court in the Fifth Circuit has found such an attenuated claim to be viable under Section 1981, and the Court today does not do so.  The Court finds this claim is simply far too tenuous and fails to state a claim to relief "plausible on its face" and does not "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.  The Plaintiff's Section 1981 associational discrimination claims, therefore, shall be dismissed.

### *Retaliation*

Lastly, the Plaintiff asserts the Defendant CVB retaliated against him based upon his opposition to what he believed were racially discriminatory practices under Section 1981.

Section 1981 encompasses "complaints of retaliation against a person who has complained about a violation of another person's contract-related right."  *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021).  To establish a *prima facie* case of retaliation in this case, the Plaintiff must provide evidence that: (1) he engaged in activity protected by the statute; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action.  *McCoy v. City of Shreveport*, 492 F.3d 551, 555–57 (5th Cir. 2007).

The Court finds the Plaintiff has, at the present juncture, sufficiently pled a claim for retaliation. The Plaintiff potentially engaged in protected activity when he opposed the CVB Board member's statement that the CVB needed to "get a handle" on the number of black acts being booked at the Landers Center. The Plaintiff opposed this statement by responding to the Board member that the CVB could not discriminate based on race [1, at p. 3, para. 14]. While the Defendant CVB is correct that any opposition must be based on a "reasonable" belief that the employer was engaged in an unlawful practice, and here no contracts with black performers were ever cancelled by the CVB, the Court finds that dismissing this claim at this juncture would place too high a burden on the Plaintiff. The Plaintiff has pled, and the Court must accept as true at this juncture, that he had a good-faith and reasonable belief that "getting a handle" on the number of black performers at the CVB's venues would be discriminatory and unlawful conduct [1, at pp. 3-4]. The Court therefore finds, at this juncture, this statement is sufficient to comprise opposition sufficient to meet the first element of a retaliation claim.

As for the second element, the Plaintiff's employment was indisputably terminated by the CVB. As to the third element of a *prima facie* case, the Court finds, at this juncture, the Plaintiff has sufficiently pled that a causal link between his protected activity (his opposition to the subject comment) and his termination potentially exists. Specifically, the Plaintiff avers the subject CVB Board member, subsequent to the above-denoted comments and in connection with the issue of black performers at the subject venues, further stated that the CVB should "get rid of everyone," including, presumably, the Plaintiff [1, at p. 4, para. 17]. Given that the Plaintiff thereafter learned of his termination from employment and that no reason was given for his termination, the Court finds sufficient facts have been

pled, at the present juncture, for this claim to proceed. Accordingly, the Court shall deny the Defendant CVB's motion to dismiss the Plaintiff's retaliation claim, and that claim shall proceed.

## IV.  Conclusion

For all of the foregoing reasons, the Court finds the Defendants Desoto County and Desoto County Board of Supervisors' motion to dismiss shall be granted, and the claims against those Defendants dismissed.  The Court further finds the Defendant CVB's motion to dismiss shall be granted in part and denied in part.  The motion shall be granted as to the Plaintiff's claims for associational discrimination under Section 1981, and those claims shall be dismissed.  The Defendant CVB's motion shall be denied as to the Plaintiff's claim for retaliation, and that claim shall proceed.

An order in accordance with this opinion shall issue this

day. This, the 30th day of March, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

9